# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: I.J., W.J., G.J., & K.J.

No. 15-0202 (Taylor County 14-JA-19 through 14-JA-22)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.J., by counsel Dante M. Fuscardo, appeals the Circuit Court of Taylor County's February 3, 2015, order terminating her parental rights to I.J., W.J., G.J., and K.J. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children supporting the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying her motion for a post-adjudicatory improvement period, terminating her parental rights instead of imposing a less restrictive dispositional alternative, and ceasing her post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against the parents and alleged that petitioner had a prior conviction of felony child neglect on September 16, 2009. The petition further alleged that petitioner recently drove the children while highly intoxicated, thereby endangering the children's safety. According to the petition, petitioner was arrested for second offense driving under the influence ("DUI") as a result. The petition further alleged that petitioner abused and/or neglected the children by exposing them to dangerous situations, her continued alcohol and substance abuse, and her failure to protect the children. The circuit court held a hearing that same month and took in-camera testimony from the three oldest children. Six-year-old G.J. testified that the parents fight about petitioner's alcohol abuse and sometimes engage in physical altercations. Nine-year-old W.J. also testified that his parents argue about petitioner's alcohol abuse, as did ten-year-old K.J, though neither W.J. nor K.J. testified about physical violence in the home.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

During the preliminary hearing in July of 2014, petitioner expressed a desire to waive the same and to proceed to a stipulated adjudication. Petitioner then stipulated to her felony arrest and her alcohol abuse. However, petitioner gave conflicting statements as to the frequency of her alcohol consumption that were contradicted by in-camera statements from the children. The adjudicatory hearing was continued into August of 2014, and the circuit court denied petitioner's motion for an improvement period based upon her lack of honesty regarding her alcohol abuse and her attempts to minimize her actions. Ultimately, petitioner was adjudicated as an abusing parent.

In October of 2014, the circuit court held a dispositional hearing. Petitioner's parenting skills and adult life skill service provider testified that petitioner had not made much progress in the classes because she failed to attend several sessions and had difficulty staying on task when she did attend. Her service provider also testified that petitioner reported attending Alcoholics Anonymous meetings but failed to provide documentation to support this claim. Further, the service provider testified that she linked petitioner to other community resources to help treat petitioner's alcoholism, but that petitioner failed to initiate those services. Moreover, petitioner portrayed her alcohol consumption as an isolated incident that resulted in her arrest. Thereafter, the circuit court again denied petitioner's motion for an improvement period and terminated her parental rights to the children. However, petitioner was allowed supervised post-termination visitation with the children. In February of 2015, following another arrest for DUI, the circuit court entered an order denying petitioner further post-termination visitation with the children because it was not in the children's best interests. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period, in terminating her parental rights, or in ceasing post-termination visitation.

First, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period because she acknowledged the issues of abuse and neglect

when she made several stipulations at adjudication and was participating in services. However, contrary to petitioner's argument, the record is clear that the circuit court did not err in denying petitioner's motion because she failed to satisfy the necessary burden of proof. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Moreover, in discussing improvement periods, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

In the instant matter, it is clear that petitioner failed to acknowledge the existence of the conditions of abuse and neglect in the home. While it is true that petitioner stipulated to adjudication by admitting to her prior conviction for felony child neglect and that she was arrested for second offense DUI with her children in the vehicle, among other things, the circuit court specifically found that petitioner was not truthful during the proceedings. Petitioner testified that the only time she consumed alcohol after her arrest for felony child neglect was on the date she was arrested for second offense DUI, which was in direct contradiction to testimony from petitioner's neighbor and her children that established petitioner consumed alcohol frequently. Moreover, petitioner testified that she was attending Alcoholics Anonymous/Narcotics Anonymous meetings but failed to ever provide verification as requested. Finally, petitioner also failed to submit to random drug screens as directed below. Ultimately, the circuit court found that petitioner is a "severe alcoholic" and that she "refus[e]d . . . to admit she has a problem with alcohol . . . ." Based on this evidence, it is clear that petitioner could not establish she was likely to fully participate in a post-adjudicatory improvement period, especially in light of her refusal to acknowledge the underlying conditions of abuse and neglect in the home. As such, we find no error in the circuit court denying petitioner's motion.

Further, the Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect in the home. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court was presented with overwhelming evidence that petitioner failed to respond to the services implemented below. As addressed above, petitioner continued to minimize her alcohol abuse and failed to acknowledge the abuse and neglect in the home.

Contrary to petitioner's argument that a less restrictive dispositional alternative existed, namely leaving the child in a legal guardianship with the paternal grandparents, the circuit court had no option but to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, termination of petitioner's parental rights was not error.

Finally, the Court finds no error in the circuit court terminating petitioner's post-termination visitation with the children. In the order terminating petitioner's parental rights, the circuit court specifically warned petitioner that post-termination visitation was the right of the children, not petitioner, and that it would cease if it was determined to be against the children's best interest. This is in keeping with our prior holdings, wherein we have stated that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). In the instant matter, the circuit court terminated petitioner's post-termination visitation because petitioner was again arrested for DUI shortly after the dispositional hearing. In short, the circuit court found petitioner's continued alcohol abuse and resultant criminal conduct to be detrimental to the children's well-being and, accordingly, terminated her post-termination visitation. We find no error in this decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 3, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II